# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>VS.<br><br>TWO HUNDRED SEVENTY-NINE THOUSAND EIGHT HUNDRED AND SEVENTY DOLLARS AND NO/100THS ($279,870.00) UNITED STATES CURRENCY,<br><br>    Defendant | § § § § § § § § § § § § § § § | 7:24-CV-_____ |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, by and through the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney files this action for forfeiture against TWO HUNDRED SEVENTY-NINE THOUSAND EIGHT HUNDRED AND SEVENTY DOLLARS AND NO/100THS ($279,870.00) UNITED STATES CURRENCY. The United States alleges on information and belief:

## NATURE OF ACTION

This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

## DEFENDANT PROPERTY

1.  The Defendant is TWO HUNDRED SEVENTY-NINE THOUSAND EIGHT HUNDRED AND SEVENTY DOLLARS AND NO/100THS ($279,870.00) UNITED STATES CURRENCY (hereinafter "Defendant Currency"), On or about October 9, 2021, law enforcement officers seized Defendant Currency from a courier (DRIVER) near Pascoe, Washington.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code §§ 1345 and 1355.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395. The Defendant Currency 1 is within the jurisdiction of the Court as the acts and omissions giving rise to the claimed forfeiture occurred in part within the Southern District of Texas and in or near Hidalgo County, Texas.

## STATUTORY BASIS FOR FORFEITURE

4. Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et. seq.*), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

5. **Historical Background**. DEA Agents have been investigating a drug trafficking organization (the DTO) operating near Hidalgo County, Texas, and elsewhere. The following are seizures of narcotics made in connection with the DTO:

   a. In June of 2021, law enforcement stopped a tractor trailer associated with the DTO near Hidalgo County, Texas. A police K-9 alerted to the presence of narcotics, and a search of the tractor trailer found approximately thirty-five (35) kilograms of cocaine.

   b. In July of 2021, law enforcement stopped another tractor trailer associated with the DTO near Refugio County, Texas. The driver consented to a search, which resulted in the discovery of approximately twenty-seven (27) kilograms of cocaine in an aftermarket

      compartment.

   c. In August of 2021, DEA Agents monitored a delivery of United States currency (hereinafter "cash") derived from drug trafficking activity ("proceeds") directly to the leader of the DTO.

6. **Seizure of Defendant Currency**. On or about October 8 and 9, 2021, DEA Agents monitored telephone communications involving a supplier (SUPPLIER) and his participation in the DTO. During these communications, SUPPLIER communicated with DRIVER to arrange the transfer of cash proceeds. DRIVER was to travel to Washington state to retrieve cash proceeds from SUPPLIER and transport it to a location near Hidalgo County, Texas. On or about October 9, 2024, DEA agents established surveillance of SUPPLIER near Pascoe, Washington. SUPPLIER drove to his place of employment to meet DRIVER, where he gave DRIVER a portion of the cash proceeds. DRIVER then followed SUPPLIER to a Wal-Mart parking lot nearby. At the Wal-Mart parking lot SUPPLIER retrieved an additional bag from another vehicle, and then walked to DRIVER's vehicle and gave the bag to DRIVER.

7. DRIVER then departed the Wal-Mart parking lot and was stopped by law enforcement. The vehicle was searched, and DEA Agents recovered $279,870.00 (Defendant Currency) from DRIVER. The cash proceeds found in the vehicle were stored in two plastic shopping bags and sorted in stacks wrapped in duct tape and aluminum foil. The approximate amount in each stack was written on the duct tape in marker.

## CONCLUSION

The Defendant Currency was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*, or is proceeds traceable to such an exchange, or was used or intended to be used to

facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint is sent, in accordance with Rule G(5).

An answer or motion under Fed.R.Civ.P. 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

WHEREFORE, the United States of America requests that judgment of forfeiture be entered against the Defendant Currency and for such costs and other relief to which the United States may be entitled.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for all of the following:

1. That Notice of Forfeiture issue according to the normal procedure of the court citing all persons having an interest in the Defendant Currency to appear on the return day of said process and make such Claim and Answer as they may have;

2. That a Judgment of Forfeiture be decreed against the Defendant Currency;

3. That following a Judgment of Forfeiture, the Defendant Currency be disposed of according to law; and

4. For costs of this action and for such additional relief to which Plaintiff may show itself entitled.

        Respectfully submitted,

        ALAMDAR S. HAMDANI
        UNITED STATES ATTORNEY

By:   */s/ Theodore Parran*
        Theodore V. Parran III
        Assistant United States Attorney
        1701 W. Bus. Hwy. 83 | Suite 600
        McAllen, TX 78501
        (956)928-8256
        Email: theodore.parran@usdoj.gov

## VERIFICATION

I, Diego Marrufo, a Special Agent with the Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on the 4th day of August, 2024.

MICHAEL ANDREW PEREZ
Notary Public, State of Texas
My Commission Expires
August 07, 2026
NOTARY ID 126324306